IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZUMAR H. DUBOSE** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 23-CV-2107** |
| | : | |
| **THE UNITED STATES** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA QUIÑONES ALEJANDRO, J.                                                                                        AUGUST 4, 2023

Plaintiff Zumar H. DuBose initiated this civil action by filing a *pro se* Complaint against the United States raising constitutional claims stemming from DuBose's arrest and federal criminal prosecution. (ECF No. 2.) He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant DuBose leave to proceed *in forma pauperis* and dismiss the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.      FACTUAL ALLEGATIONS**[1]

DuBose alleges that the United States violated his Fourth and Fifth Amendment rights based on the "false" testimony of United States Postal Services Office of Inspector General Special Agent Adam Griess. (Compl. at 6-12.) Specifically, DuBose claims that Special Agent Griess "testified falsely before the Eastern District of Pennsylvania U.S. District Court Grand Jury on 12-3-20 and 8-26-21." (*Id*. at 6.) He further claims that Griess "falsified and fabricated information in his Memorandum reports," (*id*. at 11), and "falsely swore to known false statements in his

---

[1]      The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Affidavit to Support Probable Cause" in support of search and seizure warrants related to the underlying federal prosecution, (*id*. at 12.)

The publicly available docket in DuBose's criminal case reveals that DuBose was charged by indictment with ten counts of mail fraud, one count of bank fraud, and one count of conspiracy to commit money laundering.[2] *See United States v. Dubose, et al.*, Crim. A. No. 20-0453 (ECF No. 1.) DuBose was brought before a United States Magistrate Judge on December 4, 2020 for an initial appearance. (*Id*., ECF No. 6.) He was ordered detained pretrial, pending further proceedings. (*Id.*, ECF Nos. 9-10.) A superseding indictment was filed on August 26, 2021. (*Id.*, ECF No. 79.) After a lengthy and involved procedural history that culminated in an eight-day trial presided over by the Honorable Wendy Beetlestone, a jury returned a guilty verdict against DuBose on May 4, 2023. (*Id*., ECF Nos. 254, 257.) A sentencing hearing is scheduled for October 3, 2023. (*Id*., ECF No. 259.) The docket reflects that DuBose is being held at the Federal Detention Center pending sentencing.

As relief in the instant case, DuBose asks the Court to invalidate the superseding indictment in *United States v. DuBose, et al.,* Crim. A. No. 20-0453 (ECF No. 79), and to void search and seizure warrants associated with his underlying federal prosecution. (Compl. at 13.) DuBose also seeks $100,000,000.00 in monetary damages. (*Id.*)

---

[2]   Abdush DuBose, Zumar's brother, was indicted as a co-defendant in the underlying federal prosecution. *See United States v. Abdush Shakur DuBose*, Crim. A. No. 20-0453 (ECF No. 1.) To the extent Zumar refers to his brother Abdush in the instant civil action in an attempt to raise claims on his behalf, Zumar lacks standing to do so and the Court will not consider any such claims. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.).

## II. STANDARD OF REVIEW

The Court will grant DuBose leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged to rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As DuBose is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

DuBose's Complaint, even when liberally construed, is frivolous and fails to state a legal basis for any claim within the Court's jurisdiction. DuBose asserts claims for civil rights violations against the United States based on the actions of a federal official. The basis for asserting a constitutional claim against federal officials is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). However, *Bivens* claims may not be brought against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*) ("*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver."); *Ynfante v. United States*, No. 13-767, 2015 WL 631055, at *5 (M.D. Pa. Feb. 12, 2015) ("[A] *Bivens* claim can only be asserted against individual officials."). As DuBose has only named the United States as a Defendant, any *Bivens*

claims must be dismissed as legally frivolous.[3] *See Willis v. Fed. Bureau of Prisons*, No. 22-2682, 2022 WL 15525751, at *2 (E.D. Pa. Oct. 27, 2022).

Furthermore, in addition to monetary damages, DuBose seeks as relief the invalidation of the superseding indictment and search warrants in his criminal case, essentially asking this Court for his immediate release from custody and/or dismissal of the charges on which he has been convicted. Claims seeking dismissal of federal criminal charges are not cognizable in a civil rights action because a federal defendant's request for dismissal of the indictment against him must be pursued *in* his federal criminal case. *See Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("[I]nsofar as Reese sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he was required to do so through pretrial motions in his criminal case...."); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (stating a federal civil rights action, whether under *Bivens* or a petition for a writ of *habeas corpus*, is not the appropriate vehicle to seek dismissal of pending federal criminal charges). Accordingly, to the extent DuBose seeks his release and dismissal of any charges against him based on the invalidation of the superseding indictment or search warrants, that claim is legally baseless. *See Goode v. Zaleski*, No. 23-2506, 2023 WL 4602660, at *3 (E.D. Pa. July 17, 2023);

---

[3] The Court notes that DuBose is currently pursing *Bivens* claims against individual defendants, including Agent Greiss, based on an identical challenge to his arrest and prosecution. *See DuBose v. Lappens, et al.*, Civ. A. No. 22-2835, ECF No. 1. That case, assigned to the Honorable Joshua D. Wolson, is stayed. (*Id.*, ECF No. 8.) Further, to the extent the Complaint could be liberally construed as pursuing a claim under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2674, DuBose filed an identical FTCA claim against the United States based on the events that form the basis of the instant action, and any FTCA claims here would be duplicative of that claim. *Compare DuBose v. United States*, Civ. A. No. 23-2427 *with DuBose v. United States*, Civ. A. No. 23-2107. The Court expresses no opinion on the merits of any claims set forth by DuBose in his other actions, and dismissal of the instant case does not affect DuBose's pursuit of *Bivens* claims in *DuBose v. Lappens, et al.*, Civ. A. No. 22-2835, or FTCA claims in *DuBose v. United States*, Civ. A. No. 23-2427.

*Chamberlain v. City of Philadelphia*, No. 20-6572, 2023 WL 2868010, at *5 (E.D. Pa. Apr. 10, 2023).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will grant DuBose leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, which dismisses this case.

*NITZA QUIÑONES ALEJANDRO, J.*